UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
Intelectiva Real Estate Inc. and Aranjuez Real             :
Estate, LLC,                                               :   Case No. _____
                                                           :
            Plaintiff,                                     :
                                                           :   **COMPLAINT**
        -against-                                          :
                                                           :
Thor 530 Fifth Avenue Investor LLC, 530                    :
Fifth Retail Owner LLC, and Thor MM 530                    :
Fifth Avenue LLC,                                          :
                                                           :
            Defendants.                                    :
                                                           :
-----------------------------------------------------------X

Plaintiffs Intelectiva Real Estate Inc. ("Intelectiva") and Aranjuez Real Estate, LLC ("Aranjuez"), by and through their attorneys, Loeb & Loeb LLP, hereby bring this action against Defendants Thor 530 Fifth Avenue Investor LLC ("Investor" or the "Company"), 530 Fifth Retail Owner LLC ("Owner"), and Thor MM 530 Fifth Avenue LLC (the "Managing Member," and together with Investor and Owner, "Defendants"), and allege as follows:

## INTRODUCTION

1.      This is a books and records complaint brought pursuant to the terms of the parties' Operating Agreement, as well as Section 18-305 of the Delaware LLC Act and Delaware common law.  Plaintiffs invested significant sums of money in Investor, an LLC that was created to invest in Owner, which in turn was created to purchase (through mezzanine entities) and operate the retail units of 530 Fifth Avenue, a large commercial office building in Midtown Manhattan, New York City.  Without notice or explanation, Defendants have asserted that Plaintiffs' ownership interests have been diluted, that the subject property has been operating at a loss for over half a decade, and that Plaintiffs are no longer entitled to distributions from the Company or Owner.  Accordingly,

Plaintiffs submitted a written request through counsel to review the Company's books and records, both in accordance with their rights as LLC members and in compliance with the terms of the Company's Operating Agreement. That request was unjustly ignored, and now Plaintiffs bring this suit to compel production of the Company's books and records.

## PARTIES

2. Plaintiff Intelectiva Real Estate Inc. is a Delaware corporation with a principal place of business in Monterrey, Mexico. The ultimate beneficial owner of Intelectiva is Roberto Jorge Gonzalez Alcala, a citizen and domiciliary of Mexico.

3. Plaintiff Aranjuez Real Estate, LLC is a Delaware limited liability corporation with a principal place of business in Monterrey, Mexico. The ultimate beneficial owners of Aranjuez are Anniela Gonzalez del Valle, Roberto Franco Gonzalez del Valle, Maressa Gonzalez del Valle, and Emiliano Gonzalez del Valle, each of whom is a citizen and domiciliary of Mexico, except Roberto Franco Gonzalez del Valle, who is a citizen and domiciliary of Massachusetts.

4. Defendant Thor 530 Fifth Avenue Investor LLC ("Investor") is a Delaware limited liability corporation. As set out in the Company Operating Agreement, Investor has a principal place of business in New York. Upon information and belief, the ultimate beneficial owner of Investor is Joseph Sitt, a citizen of New York.

5. Defendant 530 Fifth Retail Owner LLC ("Owner") is a Delaware limited liability corporation and the entity into which Investor invested. Upon information and belief, Owner has a principal place of business in New York. Upon information and belief, the ultimate beneficial owner of Owner is Joseph Sitt, a citizen of New York.

6. Defendant Thor MM 530 Fifth Avenue LLC (the "Managing Member") is a Delaware limited liability corporation and the managing member of Investor. Upon information

and belief, the Managing Member has a principal place of business in New York. Upon information and belief, the ultimate beneficial owner of the Managing Member is Joseph Sitt, a citizen of New York.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the parties and the amount in controversy, as measured by the amount of the loss in Plaintiffs' investments, exceeds $75,000, exclusive of costs and interest.

8. Venue is proper in this Court because (a) Owner owns part of the subject property at 530 Fifth Avenue, New York, NY 10036; (b) all Defendants have their principal places of business in this District; (c) a substantial part of the events or omissions giving rise to the claims occurred in this District; and (d) Section 10.9 of the Operating Agreement states that "[t]he parties hereto irrevocably consent to the exclusive jurisdiction and venue of the federal and state courts located in the State of New York, County of New York."

## FACTUAL ALLEGATIONS

9. Plaintiffs are majority members of Investor, which is managed by the Managing Member. Investor owns an interest in Owner, which owns a 100% interest in 530 Fifth Mezz, LLC, which owns a 100% interest in 530 Fifth Retail, LLC, which owns the retail units of the building located at 530 Fifth Avenue. That building, in Midtown Manhattan, is a 26-story retail and office building that takes up the entire westerly block front of Fifth Avenue between 44th and 45th Streets – prime retail space in a very tourist-heavy location, and a prime office building in one of the most lucrative retail markets in the country.

10. Investor is a limited liability corporation organized under Delaware law. Members of Investor, including Plaintiffs, are bound by the terms of the November 24, 2014 Amended and Restated Limited Liability Company Operating Agreement (the "Operating Agreement").

11. In or about June 2014, several entities affiliated with Thor Equities, including Owner, purchased the subject property at 530 Fifth Avenue property for $595 million. At that time, Investor purchased its interest in Owner and Owner concurrently purchased the retail units at the subject property. Shortly thereafter, on or about November 24, 2014, Plaintiffs signed subscription agreements to invest in Investor. Pursuant to its subscription agreement, Intelectiva initially invested $1,337,917.20 in Investor, and after capital calls, its capital investment ultimately grew to $1,782,762.22. Pursuant to its subscription agreement, Aranjuez initially invested $5,351,668.80 in Investor, and after capital calls, its capital investment ultimately grew to $7,131,111.78. Together, Plaintiffs' interest in Investor amounted to an 85.88% ownership interest in Investor, and Investor's interest in Owner amounted to a 7.94% ownership interest in Owner. Plaintiffs complied with the terms of the subscription agreements and transferred the required funds to Investor.

12. Over the years, Plaintiffs' investment in Investor did not perform as expected. No distributions were ever made. Investor and Owner reportedly suffered financial setbacks, as Owner could not afford the debt it had accumulated, and there were changes over the years to the makeup of the other membership in Owner. The Managing Member issued multiple capital calls, requiring Plaintiffs to increase their investment amount.

13. In or about May 2022, the Managing Member contacted Plaintiffs and represented that the Company was making a distribution to its Members, including Plaintiffs. During the

course of discussions, however, it became clear that the anticipated distribution was significantly less than Plaintiffs had expected.

14. The Managing Member asserted, by way of explanation, that Investor's share in Owner had been diluted, even though Plaintiffs had never received a dilution notice or any other explanation for this purported dilution. The Managing Member further asserted that the Company and Owner sustained operating losses every year between 2017 and 2022.

15. Plaintiffs requested documents substantiating or legitimating the dilution of their interest in Investor and/or the underlying property at 530 Fifth Avenue. No such documentation was ever provided to Plaintiffs.

16. During the second half of 2022, Plaintiffs made repeated efforts to understand Defendants' position regarding Plaintiffs' ownership interest in Investor, and Investor's in Owner. But Plaintiffs received no substantive response. Plaintiffs attempted to engage Defendants on these questions by email, phone, and even an in-person meeting. At best, Defendants would provide one-sentence responses which served only to further confuse, and which attached none of the requested documentation or any other documentation to legitimate Defendants' claim of dilution.

17. By way of example, on August 9, 2022, Plaintiffs emailed the Managing Member as follows:

> We are trying to understand Thor's calculations on these issues. Would you or one of your colleagues be able to explain to us how you arrived at the distribution amounts that you're planning to send? We'd like to understand what our current ownership percentages are in the company, how our positions changed as a result of the 2017 restructuring and/or the Q2 2019 impairment, and any other material changes that have occurred since then. If you or your colleagues could walk us through what has happened with this investment, that would be extremely helpful.
>
> To be clear, we are trying to figure out whether we may be owed more money than you are proposing to distribute right now, and although we are providing payment

instructions and accepting payment of this distribution, we are also reserving our rights, including the right to assert that we are owed a greater amount of money than the amount of this distribution.

18. On August 22, 2022, the Managing Member responded simply that they were "pulling together a reply on this and will be back to everyone shortly." Plaintiffs sent multiple follow-up emails but received no response until January 2023.

19. Finally, on January 25, 2023, the Managing Member responded to Plaintiffs' email. The Managing Member asserted that Plaintiffs' share in Investor had not changed, but, because of a change in the ownership structure of Owner, Investor's share in Owner had been diluted from 7.94% to 3.18%. Correspondingly, according to the Managing Member, Plaintiffs' share in Owner had been reduced from 1.0192% to 0.4082%. The Managing Member asserted that the change in the ownership structure of Owner occurred in 2017, even though, as noted above, Plaintiffs had never received a dilution notice or any other explanation for this purported dilution.

20. The Managing Member further informed Plaintiffs that, contrary to the Managing Member's representation in May 2022 that a distribution was forthcoming, no distributions would be made.

21. Given Plaintiffs' concerns about the finances of the Company and the purported dilution of their ownership interest, on March 31, 2023, Plaintiffs' counsel sent a letter to Defendants requesting access to the Company's books and records, citing provisions of both the Company Operating Agreement and Delaware's LLC law.

22. Defendants responded evasively and with delay, sending a one-line email on April 6, 2023, and a two-line email on April 27, 2023. Thereafter, Defendants refused to respond at all.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of the Operating Agreement – Books and Records Demand)**

23.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the previous paragraphs with the same force and effect as if more fully set forth herein at length.

24.     Investor is governed by the Operating Agreement.

25.     Plaintiffs have performed their duties under the Operating Agreement.

26.     Section 6.1 of the Operating Agreement for the provides that "[e]ach Member may … inspect … any tax returns or other books and records of the Company for the immediate preceding three (3) Fiscal Years[.]"

27.     Investor violated the foregoing provision of the Operating Agreement by failing and refusing to provide Plaintiffs access to the books and records of the Company despite Plaintiffs' request.

28.     Plaintiffs have no adequate remedy at law.

29.     Plaintiffs are therefore entitled to an order compelling Defendants to produce for inspection and copying the Company books and records, pursuant to the terms of the Operating Agreement.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(6 Del. C. § 18-305 – Books and Records Demand)**

30.     Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the previous paragraphs with the same force and effect as if more fully set forth herein at length.

31.     Investor is a limited liability corporation organized under the laws of Delaware.

32.     Plaintiffs are a member of Investor, an LLC.

33.     Delaware's limited liability corporation law, 6 Del. C. § 18-305, provides in part that:

> Each member of a limited liability company … has the right … to obtain from the limited liability company from time to time upon reasonable demand for any purpose reasonably related to the member's interest as a member of the limited liability company [t]rue and full information regarding the status of the business and financial condition of the limited liability company.

34. Plaintiffs requested access to the Company books and records for a purpose reasonably related to their interest as members of the Company.

35. Defendants violated the foregoing statutory provision by failing and refusing to provide Plaintiffs access to the books and records of the Company despite Plaintiffs' request.

36. Plaintiffs have no adequate remedy at law.

37. Plaintiffs are therefore entitled to an order compelling Defendants to produce for inspection and copying the Company books and records, pursuant to 6 Del. C. § 18-305.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Delaware Common Law – Books and Records Demand)**

38. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the previous paragraphs with the same force and effect as if more fully set forth herein at length.

39. Investor is a Delaware Corporation.

40. As members, Plaintiffs are have an ownership interest in Investor.

41. Plaintiffs have articulated a proper purpose for their books and records request.

42. The books and records that Plaintiffs seek are necessary to its purpose and are unavailable from other sources.

43. Defendants violated the foregoing statutory provision by failing and refusing to provide Plaintiffs access to the books and records of the Company despite Plaintiffs' request.

44. Plaintiffs have no adequate remedy at law.

45. Plaintiffs are therefore entitled to an order compelling Defendants to produce for inspection and copying the Company books and records, pursuant to Delaware common law.

## AS AND FOR AN FOURTH CAUSE OF ACTION
**(Accounting)**

46. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the previous paragraphs with the same force and effect as if more fully set forth herein at length.

47. Investor is a Delaware Corporation.

48. As members, Plaintiffs have an ownership interest in Investor.

49. As a result of this relationship, Plaintiffs are entitled to a just and fair accounting of the books and records of the Company.

50. An accounting is necessary to determine the true and full information about the financial affairs of the Company.

51. Plaintiffs have no adequate remedy at law.

52. Plaintiffs are therefore entitled to a complete forensic accounting pursuant to, *inter alia,* Delaware common law, with unfettered access to all the books, records, and electronic data of the Company, for the purpose of conducting an accounting.

**WHEREFORE,** Plaintiffs demand judgment against Defendants for:

(i) an order compelling Defendants to produce for inspection and copying the requested books and records of Investor;

(ii) an order compelling Defendants to provide an accounting for all annual (or partial) periods of operation; and

(iii) such other relief in favor of Plaintiffs as the Court deems just and proper.

Dated: New York, New York
January 22, 2024

LOEB & LOEB LLP

By: */s/ Evan K. Farber*
Evan K. Farber
Alex Inman
345 Park Avenue
New York, NY  10154
Telephone:  212.407.4000

*Attorneys for Plaintiffs Intelectiva Real Estate Inc. and Aranjuez Real Estate, LLC*